Anthony R. Portesy, Esq.
Varacalli & Hamra LLP
32 Broadway, Suite 1818
New York, NY 10004
Telephone: (646) 590-0571
Facsimilie (646) 619-4012
Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARLOS CIFUENTES, ANA MARIA PULIDO, and CALIXTO ESPINAL individually and on behalf of other similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> GILO'S CORP (D/B/A ITALIAN PIZZA GREAT BURRITO), MAXIMO GARCIA, and FRANCISCO GARCIA <br> Defendants. | Civil Action No: 18-cv-6165 <br> **ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants, GILO'S CORP, MAXIMO GARCIA, and FRANCISCO GARCIA (collectively "Defendants"), by their attorneys, Varacalli & Hamra, LLP, for their Answer to the Complaint herein allege as follows:

### NATURE OF THIS ACTION

1. Defendants admit the allegations contained in paragraph 1 of the Complaint to the extent that Plaintiff Garcia worked for Defendants Maximo Garcia and Gilo's Corp.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint as Francisco Garcia does not own or operate said restaurant.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint to the extent it calls for a legal conclusion as to the term "employed."

1

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. The allegations set forth in Paragraph 6 call for a legal conclusion for which no response is required.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9

## JURISDICTION AND VENUE

10. Defendants admit the allegations contained in paragraph 10 of the Complaint as to subject matter jurisdiction pursuant to the federal claims, but deny supplemental jurisdiction over the NYLL claims.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint to the extent that venue is proper with regard to the allegations set forth herein, but categorically deny said allegations.

## THE PARTIES

12. Defendants deny the allegations contained in paragraph 12 of the Complaint in regards to Defendants employment, and lack sufficient information to respond to Plaintiff's residency.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint as it calls for a legal conclusion with respect to the term "employed."

14. Defendants deny the allegations contained in paragraph 14 of the Complaint as Defendant Francisco Garcia did not own operate or control the said restaurant.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint to the extent that the business operating out of said location.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint as it calls for a legal conclusion.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint .

18. Defendants admit the allegations contained in paragraph 18 of the Complaint to the extent that Defendant Maximo Garcia operated said restaurant. Defendant Francisco Garcia does not operate said restaurant.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint calls for a legal conclusion for which no response is required.

22. Defendants denyh the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

   a  Defendants deny allegations contained in paragraph 24a of the Complaint,

   b  Defendants deny allegations contained in paragraph 24 b of the Complaint,

   c  Defendants deny allegations contained in paragraph 24c of the Complaint,

   d  Defendants deny allegations contained in paragraph 24d of the Complaint,

   e  Defendants deny allegations contained in paragraph 24e of the Complaint,

   f  Defendants deny allegations contained in paragraph 24f of the Complaint,

   g  Defendants deny allegations contained in paragraph 24g of the Complaint,

   h  Defendants deny allegations contained in paragraph 24h of the Complaint,

25. Defendants admit the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

*Individual Plaintiff*

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

*Plaintiff Marxlenin Galindo Garcia*

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants admit the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 35 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint as it calls for a legal conclusion.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint as it calls for a legal conclusion.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

*Defendants' General Employment Practices*

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

54. The allegations contained in paragraph 54 of the Complaint do not require a response.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants admit the allegations contained in paragraph 58 of the Complaint.

59. Defendants admit the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint and further deny that Plaintiff is entitled to any relief whatsoever.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

61. The allegations contained in paragraph 61 of the Complaint do not require a response.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint and further deny that the Plaintiff is entitled to any relief whatsoever.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

64. The allegations contained in paragraph 64 of the Complaint do not require a response.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

## FOURTH CAUSE OF ACTION

## VIOLATINO OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

69. The allegations contained in paragraph 69 of the Complaint are such that they do not require a response.

70. Defendants admit the allegations contained in paragraph 70 of the Complaint

71. Defendants admit the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

73. The allegations contained in paragraph 73 of the Complaint do not require a response.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the complaint.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

77. The allegations contained in paragraph 77 of the Complaint do not require a response.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint and further deny that Plaintiff is required to any relief whatsoever.

## SEVENTH CAUSE OF ACTION

## VIOLATION FO THE WAGE STAEMENT PROVISIONS OF THE NEW YORK LABOR LAW

80. The allegations contained in paragraph 80 of the Complaint do not require a response.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

## AFFIRMATIVE DEFENSES

83. Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following defenses and reserve the right to amend and add further defenses.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

84. Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

85. Plaintiff's Complaint should be dismissed, in whole or in part, to the extent that it is barred by the applicable statutes of limitation or the failure to exhaust administrative remedies.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

86. Plaintiff's claims are barred or should be reduced, in whole or in part, due to Plaintiff's failure to use such means as are reasonable under the circumstances to avoid or minimize the damages that they allege, mitigate the alleged damages, or avail themselves of preventative or remedial measures.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

87. Plaintiff's claims may be barred to the extent the Plaintiff knowingly and intentionally did not complain of any alleged wage and hour violations to Defendants in bad faith to purposefully precipitate a claim.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

88. Plaintiff's claim for damages are barred or limited by Defendants' good faith efforts to comply with applicable law under the Portal-to-Portal Act, and Plaintiff's Complaint cannot establish willful violation of the FLSA.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

89. To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or

enforcement policy of the United States Department of Labor and/or New York State Department of Labor, Defendants cannot be liable for relief or recovery.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the New York Labor Law.

### AS AND FOR EIGHTH AFFRIMATIVE DEFENSE

91. Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

92. Plaintiff's claims, or the claims of the proposed class or collective, are barred, in whole or in part, under the doctrine of payment as Defendants have already tendered some or all of the payments claimed to be owed.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

93. Plaintiff's claims are barred, in whole or in part, under the Doctrine of Avoidable Consequences or Ellerth/Faragher Defense.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSES

94. Plaintiff's claims, or the claims of the proposed class or collective, are in whole or in part *de minimis*.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSES

95. The individually named Defendants are not liable for the claims asserted and damages sought by Plaintiff.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSES

96. Plaintiff Ana Maria Pulido was an independent contractor, and therefore not an employee protected under the Fair Labor Standards Act, the New York Labor Law, or the NYC Human Rights Law.

WHEREFORE, for the foregoing reasons, Defendants requests that judgment be granted as follows:

A. Dismissing the Complaint;

B. Awarding such other and further relief as this Court deems just and proper, including legal fees, costs and disbursements, and interest on the foregoing.

Dated: January 27, 2020
New York, NY

VARACALLI & HAMRA, LLP

/s/ *Anthony R. Portesy*
Anthony R. Portesy, Esq.
*Attorneys for Defendants*
32 Broadway, Suite 1818
New York, NY 10004
Tel.: (646) 590-0571
Fax.: (646) 619-4012
E-mail: aportesy@vhllp.com