# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165
_____

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

cerrington@faillacelaw.com

November 30, 2020

**BY ECF**
Honorable Andrew L. Carter
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re: Galindo Garcia et al v. John Doe Corp. Et al.; No. 18-cv-6165

Your Honor:

This office represents Plaintiff in the above referenced matter. Plaintiff writes jointly with Appearing Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after a settlement conference before your honor. The form of this Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

Plaintiffs filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiff contends that he was employed as a food preparer from July 2015 until on or about December 17, 2016 at Defendants' pizza and taco shop in Manhattan. At all times he was paid a fixed salary regardless of how many hours he worked resulting in an effective hourly rate that violates federal and state minimum wage and overtime provisions.

Defendants categorically deny the allegations in the Complaint and further have suffered significant loss of revenue due to the Covid-19 outbreak.

2. **Settlement Terms**

Plaintiff alleges he is entitled to a total of $52,155.00 in unpaid minimum wages and overtime and would be entitled to $101,805.18 if he had recovered in full for his claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. Attached as Exhibit B is chart breaking down Plaintiff's total damages.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

While Plaintiff believes he could prevail fully on his claims, the nature of the Defendants' business relies heavily on foot traffic which has diminished greatly due to the Covid-19 pandemic. He thus feels that the Settlement Amount represents a fair compromise given the anticipated difficulty in collecting any judgment he could win.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3.  **<u>Plaintiff's Attorneys' Fees are Fair and Reasonable</u>**

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $10,000.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

Plaintiff's counsel's lodestar in this case is $8,365.00. A copy of Plaintiff's billing record is attached as "Exhibit C." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty*

*Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

   i.   Michael Faillace's work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. He is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. I is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work is indicated by the initials "MF."

   ii.  Finn Dusenbery is a former associate at Michael Faillace & Associates, P.C. He graduated from Brooklyn Law School in 2012. Following law school, he worked as a solo practitioner for about five years, mainly representing employees in wage and hour and discrimination cases. Subsequently, Finn worked for a plaintiffs'-side wage and hour class action firm from 2018 to 2019 and then joined Michael Faillace & Associates, P.C where he worked until December 2019  His work is billed at $275 per hour and indicated by the initials "FD."

   iii. Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. His work is billed at $350 per hour and indicated by the initials "GN."

iv. Clela A. Errington is an associate at Michael Faillace & Associates, P.C. She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining the Jones Law Firm, P.C., and joined Michael Faillace & Associates in 2020. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/
Clela Errington
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Enclosures

   iv.  Clela A. Errington is an associate at Michael Faillace & Associates, P.C. She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining the Jones Law Firm, P.C., and joined Michael Faillace & Associates in 2020. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

         Respectfully submitted,

         /s/ _____
         Clela Errington
         MICHAEL FAILLACE & ASSOCIATES, P.C.
         Attorneys for the Plaintiff

Enclosures