## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release (the "Settlement Agreement") is made and entered into by and between Marxlenin Galindo Garcia  Marxlenin Galindo Garcia, on behalf of others similarly situated (collectively "CLAIMANTS"), and Gilos Corp d/b/a Italian Pizza Great Burrito and Francisco Garcia, Maximo Garcia "("LIN"), (collectively the "COMPANY" or "Defendants"), (CLAIMANTS and  the COMPANY are jointly referred to in this Settlement Agreement as the "Settling Parties").

### RECITALS

A. WHEREAS, on or about July 6, 2018, CLAIMANTS filed an action (the "Action") against COMPANY alleging, *inter alia*, that COMPANY failed to pay them certain wages due in connection with services they performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 18-cv-6165;

B. WHEREAS, the Action was initially brought as a putative collective action, but Claimant never sought to certify the Action as a collective action and thus the Action did not proceed collectively;

C. WHEREAS Marxlenin Galindo Garcia alleges to have been employed from July 2015 TO December 17, 2016;

D. WHEREAS, COMPANY admits no wrongdoing, nor any liability with respect to CLAIMANT'S allegations;

E. WHEREAS, the Settling Parties acknowledge and represent that this Settlement Agreement, and the monies received by Claimants and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and/or time worked;

NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

### AGREEMENT

1. <u>Consideration</u>.  The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby

acknowledged. CLAIMANT agrees that they will not seek any further consideration from COMPANY, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement. However, in the event of a Default of the Payment schedule set forth in Paragraph 2 of the Agreement, Defendants shall have a ten (10) day right to cure time period of any default of the payment schedule after which Plaintiffs shall have the right to file the annexed "Confession of Judgment" consisting of $35,000.

      2.    <u>Settlement Compensation and Release.</u> Company/Defendants shall pay or cause to be paid to Claimant, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Company through the Effictive Date of this agreement, including all counsel fees and costs incurred by CLAIMANTS, the gross sum of THIRTY THOUSAND DOLLARS and No cents ($30,000)(the "Settlement Amount") to be paid to CLAIMANTS' attorneys in TWELVE (12) installments of Two Thousand Five Hundred Dollars ($2,500.00) broken down as follows:

> i) twelve payments of ONE THOUSAND SIX HUNDRED SIXTY SIX DOLLARS AND SIXTY SEVEN CENTS ($1,666.67) made payable to Marxlenin Galindo Garcia and representing liquidated damages; AND
>
> ii) twelve payments of EIGHT HUNDRED THIRTY THREE DOLLARS AND THIRTY-THREE CENTS ($833.33) made payable to Michael Faillace & Associates, P.C, and representing attorneys' fees.

These payments shall be made every thirty days after Court Approval of this Settlement Agreement. For example, if the Court approves the settlement on 11/15, each payment would be due monthly on the 15th of each month for the subsequent twelve months.

      For and in consideration of the payments provided for in this Paragraph 2, subject to the terms and provisions of this Settlement Agreement, CLAIMANTS fully, finally, irrevocably and forever releases and discharges Company, including each of their current and former predecessors, successors, assigns, employees, partners, owners, shareholders, affiliates, attorneys and agents, from any and all claims, causes of action, or complaints, in equity or at law, asserted in the Action, or arising from or related to the CLAIMANTS alleged employment with COMPANY, or arising from or related to the allegations contained in the Action, including any claims for retaliation, whether known at this time or not, and Claimant fully and unconditionally

release and forever discharge Defendants, from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims under the Fair Labor Standards Acts (FLSA); any claims under New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6, 7 and 19 of the New York Labor Law; ; any claims under any other federal, state or local wage and hour law; and any claims for reimbursement, wages, vacation or other leave time through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement), which CLAIMANTS have or may have against Company, whether asserted in this action or not.

3. <u>Governing Law</u>. This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with the laws of the State of New York (without regard to its choice of law principles), as are applied to contracts to be performed wholly within the State of New York. Further, the Court in this action shall maintain jurisdiction for the purposes of enforcement of the settlement agreement. In the event that the Court in this action lacks or declines jurisdiction over any dispute arising out of this settlement agreement and the parties' performance under it, the Parties consent to the sole jurisdiction of the Courts of the State of New York having jurisdiction over New York County.

4. <u>Claimant's Responsibility for Taxes.</u> Claimant assumes full responsibility for any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Claimant under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendant to Claimant or his attorneys pursuant to this Settlement Agreement. If the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Claimant and/or Defendant is liable for any failure by Claimant or his attorneys to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Settlement Agreement, or liable for interest or penalties related thereto, Claimants agrees to hold Defendant harmless for any such liability.

5. <u>Court Approval.</u> The Settling Parties agree to submit this Settlement Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act and New York Labor Law.

6. <u>Various Proceedings Stayed.</u>  The Settling Parties agree to stay all proceedings in this Action, except such proceedings as may be necessary to implement and complete the Settlement Agreement.

7. <u>Entire Agreement</u>.  This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Settling Parties.

8. <u>Counterparts</u>. The Parties may execute this Agreement in counterparts, each of which shall constitute an original for all purposes, including any copies of same, but this Agreement shall not be effective until each Party has executed at least one counterpart.  The Parties will be bound by signatures on this document which are transmitted by mail, hand delivery, facsimile and/or any other electronic method (e-mail or otherwise) to the other Party or, if applicable, counsel of record for the other Party.  Such signature will have the same binding effect as an original signature.

9. <u>Drafting and Interpretation</u>.  Each of the Parties acknowledges that it has read this Settlement Agreement, has participated in its negotiation, understands its contents, has had the opportunity to consult with legal counsel concerning this Settlement Agreement and that, in entering into this Settlement Agreement, it is not relying on any representations other than those expressly set forth in this  Settlement Agreement.  Each Party further agrees that this Settlement Agreement shall not be construed against any one party based on the identity of the author or authors.

10. Cooperation. Claimants warrant that they and their attorneys do not know of any other individuals with similar claims against Company as of the date of execution by the Parties.

11. <u>Notices:</u> Any notices relating to this Agreement shall be given in writing to counsel via **CERTIFIED MAIL RETURN RECEIPT REQUESTED** and email as follows:

a) If to Plaintiff:

      Clela Alice Errington, Esq.
      cerrington@faillacelaw.com
      MICHAEL FAILLACE & ASSOCIATES, P.C.
      60 E. 42nd St. Suite 4510
      New York, NY 10165

b) If to Defendants:

      **Anthony R. Portesy, Esq.**
      **aportesy@hamralawgroup.com**
      HAMRA LAW GROUP P.C.
      1 Linden Pl, Suite 207
      Great Neck, NY 10121

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**[THIS PAGE INTENTIONALLY LEFT BLANK].**

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

AGREED TO AND ACCEPTED BY:

FOR PLAINTIFFS:

*Marxlenin Galindo*

_____
Marxlenin Galindo Garcia

Dated:     **1/8/2021**_____

**FOR DEFENDANTS:**

    **Gilos Corp d/b/a Italian Pizza Great Burrito**

By: _____
    Name:
    Title:

Dated:     _____

_____
Francisco Garcia

Dated:     _____

_____
Maximo Garcia

Dated:     _____

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

AGREED TO AND ACCEPTED BY:

FOR PLAINTIFFS:

_____
Marxlenin Galindo Garcia

Dated: _____

**FOR DEFENDANTS:**

Gilos Corp d/b/a Italian Pizza Great Burrito

By: _Maximo Garcia_ _[signature]_
Name:
Title: President

Dated: 01/06/21

_Francisco Garcia_ _[signature]_
Francisco Garcia

Dated: 01/06/21

_[signature]_
Maximo Garcia

Dated: 01/06/21

Page | 7

EXHIBIT A

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Marxlenin Galindo Garcia, on behalf of others similarly situated Plaintiff,<br><br>v.<br><br>Francisco Garcia, Maximo Garcia  Gilos Corp also known as Italian Pizza Great Burrito<br><br>            Defendants. | Case No. 1:18-cv-06165-ALC-RWL<br><br>**STIPULATION OF DISCONTINUANCE** |

WHEREAS, the parties have reached a settlement that is considered fair and reasonable by this Court in accordance with "Cheeks vs. Freeport Pancake House", it his hereby **ORDERED:**

1. Pursuant to Federal Rule of Civil Procedure 41(a) (1) (A) (ii), this action is hereby dismissed with prejudice.

Dated:      New York, New York
                 October___, 2020

_____
Anthony R. Portesy, Esq.
Hamra Law Group PC
1 Linden Pl
 Great Neck, NY 11021
646-590-0571
aportesy@hamralawgroup.com

/s Clela Errington
Clela Alice Errington
Michael Faillace & Associates
60 E 42nd St.
Suite 4510
New York, NY 10165
212-317-1200
Email: cerrington@faillacelaw.com

_____
            **SO ORDERED**

EXHIBIT B

Page | 9

Case 1:18-cv-06165-ALC-RWL   Document 75   Filed 01/08/21   Page 11 of 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| Marxlenin Galindo Garcia<br><br>Plaintiff,<br><br>v.<br><br>Francisco Garcia, Maximo Garcia, and Gilos Corp d/b/a Italian Pizza Great Burrito<br><br>Defendants. | Case No. 1:18-cv-06165-ALC-RWL<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF Queens    )

Maximo Garcia, personally and as an officer of Defendant Gilos Corp also known as Italian Pizza Great Burrito., being duly sworn, deposes and says:

1. I represent that I am an officer and shareholder of Corporate Defendant Gilos Corp d/b/a Italian Pizza Great Burrito, and that I have full authority to sign on behalf of GILOS CORP D/B/A ITALIAN PIZZA GREAT BURRITO and to legally bind it. I sign this Affidavit of Confession of Judgment both in my individual and corporate capacity, and we are referred to herein as Defendants.

2. I reside in New York County in the State of New York.

3. Defendants confess judgment herein and authorize entry of judgment by Plaintiff against Defendants Maximo Garcia and Gilos Corp d/b/a Italian Pizza Great Burrito .in the amount of THIRTY FIVE THOUSAND ($35,000), less any amounts paid to date since the instant confession has been signed in the event payment is not made and/or cured under the Settlement Agreement in the above captioned action pursuant to the terms agreed to by the parties

4. Gilos Corp also known as Italian Pizza Great Burrito does business in the State of New York, County of New York and hereby authorize entry of judgment against defendants in the County of New York, State of New York.

5. This confession of judgment is for a debt due to Plaintiff arising from a Settlement Agreement.

6. The purpose of the Settlement Agreement, entered into by and between Plaintiff and Defendants, was to effectuate the settlement of claims Plaintiff may have advanced against Defendants. In the event that Defendants do not make payments as contemplated by the parties,

Page | 11

Defendants authorize that the instant confession of judgment can be immediately submitted to the clerk of the court for signature, entry, filing, service and execution.

01/06/21

Maximo Garcia, Individually and on behalf of Gilos Corp d/b/a Italian Pizza Great Burrito

Sworn to before me this
6th day of January 2021

Notary Public

ANTHONY R PORTESY
Notary Public, State of New York
No. 02PO6315932
Qualified in Suffolk County
Commission Expires December 08, 2022

Page | 12